**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

CLEO HATCH,

      Plaintiff,

                              Case No. 26-10843

v.                              Honorable Linda V. Parker

EXPERIAN INFORMATION SOLUTIONS, LLC,

      Defendant.

_____/

## SCHEDULING ORDER (PHASE I)

| YOU WILL RECEIVE NO FURTHER NOTICE OF THESE DATES | |
|---|---|
| Deadline to Amend Pleadings: | August 1, 2026 |
| Rule 26(a)(1) Initial Disclosure Exchanged By: | June 9, 2026 |
| Lay and Expert Witness Lists Filed By: | September 1, 2026 |
| Rule 26(a)(2) Expert Disclosures Exchanged By: | Plaintiff – January 8, 2027 Defendant – February 12, 2027 |
| Notify the Court Regarding Facilitation:[1] | February 4, 2027 |
| Discovery Cut-off: | February 5, 2027 |
| Settlement Conference: | Referred to Magistrate Judge David R. Grand |
| Dispositive Motion Cut-off Filed By: | March 31, 2027 |
| Jury Trial:  Yes      Estimated Length of Trial: 3-5 Days | |

**REFER TO THE COURT'S PRACTICE GUIDELINES FOR INFORMATION RELEVANT TO THE DATES AND ACTIVITIES SET FORTH ABOVE**

      **IT IS SO ORDERED**.

                           s/ Linda V. Parker
                           LINDA V. PARKER

Dated: June 4, 2026              U.S. DISTRICT JUDGE

---

[1] The parties may stipulate to case evaluation or mediation or request a settlement conference with the Court at any time. If choosing private facilitation, the parties must provide a proposed stipulated order identifying the facilitator and the date set for facilitation.

1.   **MOTIONS FOR SUMMARY JUDGMENT**

When filing motions for summary judgment pursuant to Rule 56 of the

Federal Rules of Civil Procedure, parties must proceed in accordance with the

following:

Statement of Material Facts on Motion for Summary Judgment

(a) The maker of the motion must include a Statement of Material Facts. In short, concise, and numbered paragraphs, the maker of the motion must set forth the material facts that the moving party contends there is no genuine issue to be tried.  Failure to submit such a statement may constitute grounds for striking
the motion or denying it.

(b) The party opposing the motion must respond to each numbered paragraph in the moving party's statement.  The numbering in the opposing party's response should correspond to the numbering in the motion.  The opposing party may add additional paragraphs containing separate, short, and concise statements of additional material facts, if this is necessary to demonstrate there exists a genuine issue to be tried.

(c) Each numbered paragraph in the moving party's Statement of Material Facts will be deemed admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement served by the opposing party.

(d) Each Statement of Material Fact – whether set forth by the maker of the motion or the party opposing the motion – must be followed by citation to interrogatory answers, depositions, documents, affidavits, declarations, stipulations, admissions, electronically stored information, or other information which would be admissible under Federal Rules of Civil Procedure 56(e), in support of each claim or defense asserted.

Attached appendices must contain an index and be tabbed.